United States District Court
Northern District of California

DURAFLAME, INC.,

    Plaintiff,

v.

HEARTHMARK, LLC,

    Defendant.

Case No.: CV 12-01205 RS (KAW)

ORDER RE 8/9/2012 DISCOVERY LETTER

## I.    INTRODUCTION

On August 2, 2012, this matter was referred to U.S. Magistrate Judge Kandis A. Westmore for discovery purposes. The parties submitted a joint letter on August 9, 2012, in which Defendant Hearthmark seeks to compel Plaintiff Duraflame's further amended infringement contentions. Dkt. No. 51. After reviewing the joint letter and the infringement contentions, the court denies Defendant's request because Plaintiff has complied with Patent Local Rule 3-1 to the extent possible, and further supplementation at this time, prior to obtaining additional, nonpublic information through discovery, would be futile.

## II.    FACTUAL BACKGROUND

Both parties are in the business of producing artificial firelogs. Duraflame claims that Hearthmark is infringing on U.S. Patent Nos. 8,007,550 ("'550 Patent") and 8,123,824 ("'824 Patent"), both of which concern the chemical formulation of artificial firelogs. Dkt. No. 1. Duraflame served its Preliminary Infringement Contentions on June 21, 2012. Dkt. No. 51, Exh. 1. The parties conducted a meet and confer, and Duraflame served its First Amended Infringement Contentions on July 26, 2012. Dkt. No. 51. Defendant Hearthmark proposed a further meet and confer because it was unsatisfied with the Amended Contentions, but Duraflame declined. Dkt. No. 51.

As a result, Defendant Hearthmark filed its motion to compel further responses along with a motion to shorten time. Dkt. Nos. 41, 43.

### III. FORM AND CONTENT OF JOINT LETTER

The court's General Standing Order[1] outlines the meet and confer process in which the parties must engage prior to seeking court intervention by way of filing a joint letter outlining the discovery dispute. *See* General Standing Order at ¶¶11-18. Paragraph 11 requires that

> all parties shall meet and confer **in person or telephonically**, if an in person conference is not feasible, regarding the discovery disputes(s) in an effort to resolve these matter(s).... If unable to resolve all disputes through this procedure, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session....

The parties electronically-field their joint letter on August 9, 2012, the same day the court ordered them to meet and confer. Dkt. No. 51. Despite the requirement to substantively meet and confer prior to filing the joint letter, the parties' cover letter attests that the last meet and confer attempt was made on July 27, 2012, six days before the discovery dispute was referred to the undersigned. *See* Dkt. No 51 at 1.

In addition to failing to substantively meet and confer consistent with the court's standing order, the parties failed to comply with the format outlined in the subsections to Paragraph 11, which reads in pertinent part:

> (a) A cover page with the case caption and an attestation that the parties met and conferred in person or telephonically prior to filing the letter, as well as the signature of both parties or counsel;
>
> (b) A section which sets forth the unresolved dispute(s) and any pertinent factual background; and
>
> (c) With respect to each issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.

Subsection (a) requires that the parties meet and confer prior to filing the letter, and the parties did not do so. Subsections (b) and (c) require that each issue be addressed separately with any pertinent facts, and a summary of each party's final substantive position and proposed

---

[1] Available at: http://www.cand.uscourts.gov/kaworders.

2

compromise. Instead, the letter reads more like moving papers that were simply copy-and-pasted and single-spaced.

The purpose of the joint letter exercise is for the parties to narrow the issues in dispute and to possibly resolve the disputes without the need for court intervention. For example, a genuine meet and confer attempt and joint letter may have resulted in Duraflame agreeing to amend their infringement contentions after obtaining the nonpublic discovery necessary to determine why some of Hearthmark's "Pine Mountain Natural Firelogs," despite all having the same product name, do not necessarily share the same chemical formulation. Instead, the parties' failure to both comply with the standing order and clearly identify the unresolved disputes makes it difficult for the court to determine which issues need to be resolved.

Despite the parties' failure to comply with the standing order, the court will issue an order on the merits. However, should other discovery disputes arise in this matter, this court will not address any disputes identified in a joint letter not consistent with the standing order.

## IV. DISCUSSION ON THE MERITS

The court interprets the dispute outlined in the joint letter as consisting of two issues. First, whether Duraflame's First Amended Infringement Contentions (FAICs) are sufficient based on the information reasonably available at this time. Second, if so, whether the FAICs should be subject to further amendment pursuant to Patent Local Rule 3-6 after receipt of Hearthmark's nonpublic formulation information.[2]

### A. Sufficiency of Duraflame's FAICs

Defendant claims that Plaintiff's FAICs violate Patent Local Rule 3-1(c), which requires Plaintiff to provide:

> A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

---

[2] Plaintiff Duraflame requests that the court compel Defendant Hearthmark's nonpublic information regarding the formulation of its firelogs. *Joint Letter*, Dkt. No. 51 at 10. However, this was not addressed by Hearthmark in its half of the non-compliant, joint letter and so there is no indication that this was included in the meet and confer process. If either side is not producing discovery pursuant to the Stipulated Protective Order (Dkt. No. 40), this court will intervene only after the parties meet and confer on this issue and file a joint letter that complies with the court's standing order.

Defendant contends that Duraflame's infringement contention charts are vague and "identify no material whatsoever in any Hearthmark product that correlates to any of these, or any other, claim terms." Dkt. 51 at 4.

The purpose of the Patent Local Rules is to crystallize a plaintiff's infringement contentions. *See InterTrust Techs. Corp. v. Microsoft Corp.,* 2003 WL 23120174, *2 (N.D. Cal. Dec. 1, 2003) ("The overriding principle of the Patent Local Rules is that they are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims").

Patent Local Rule 3-1 is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Technology LLC v. Novell, Inc.*, No. 01-2079, 2002 WL 32126128, *3-4 (N.D. Cal. Aug.13, 2002) (*Network Caching I*).

Duraflame properly grouped the accused products in a single chart. Courts in this district have found that a single chart is consistent with Patent L.R. 3-1(c) so long as it identifies " where each element of each asserted claim is found within each Accused Instrumentality,'...." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, C03-05709JFHRL, 2004 WL 2600466 *2 (N.D. Cal. Nov. 10, 2004). It does not require a separate chart for each individual product. *Id.*

Moreover, the crux of the issue is whether Duraflame has met its burden under Rule 11 to "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Engineering, Inc. v. Robotic Vision Systems, Inc.,* 208 F.3d 981, 986 (Fed.Cir.2000) (applying Ninth Circuit law). To satisfy Rule 11 and Patent L.R. 3-1, courts in this district have held that a "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Id.* To make such a comparison, "reverse engineering or its equivalent is required." *Id.*

Reverse engineering does not require Duraflame to test every product. *Renesas Tech. Corp. v. Nanya Tech. Corp.*, C03-05709JFHRL, 2004 WL 2600466 *2 (N.D. Cal. Nov. 10, 2004). In fact, Duraflame appears to have reversed engineered several of Hearthmark's products and has

determined that not all products appearing under the same product name have the same formulation. Dkt. No. 51 at 10.

Duraflame's FAICs are sufficient to provide reasonable notice to Hearthmark why plaintiff believes it has a "reasonable chance of proving infringement." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Duraflame's FAICs appear to "reflect all facts known to the plaintiff including those discovered in their [Rule 11] pre-filing inquiry, and contain sufficient detail regarding the plaintiff's theory of infringement to provide defendants' with notice of infringement beyond the claim language itself." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1026 (N.D. Cal. 2010)(*citing Samsung SDI v. Matsushita Elec. Indus. Co.,* 2006 WL 5097360, *4 (C.D.Cal.2006) (citations and quotation marks omitted). Facts are not protected by the work product doctrine, and must be disclosed under Local Rule 3–1. *Id.* As required by Rule 3-1, Duraflame identified those products it believed were infringing on its patents and the applicable claims and limitations.

Despite Hearthmark's assertion to the contrary, Duraflame's amended contentions improve upon their Preliminary Infringement Contentions (PICs), by making it clear that they have conducted reverse engineering and testing as required by Rule 11, as illustrated by the fact that Duraflame discovered that not all of Hearthmark's "Pine Mountain Natural Firelogs" products have the same formulation. Dkt. No. 51 at 10. In its FAIC claim charts, Duraflame purports to have performed a variety of tests on Hearthmark's products. *See* Dkt. No. 51, Exh. 2 at 5-44. Duraflame's contention that they now need nonpublic information to determine why only some of a certain product line infringes is persuasive, and demonstrates that Duraflame has performed its due diligence.

Defendant argues that Plaintiff's FAICs fail to identify the specific products that Plaintiff contends are being infringed upon, and therefore are insufficient because in some instances they simply mimic the language of the claim. The court notes that Duraflame lists the same allegedly-infringed upon products for each claim for each patent. However, Duraflame is more specific as to which methods of analyses were performed as to the individual contentions in its claims chart. Essentially, while Duraflame has engaged in some reverse engineering and has reviewed

5

information in the public domain, it now faces "the chicken and egg dilemma that penetrating Defendant's confidential information requires discovery." *See Intertrust*, 2003 WL 23120174, at *2; *Network Caching*, 2003 WL 21699799, at *4. Plaintiff has not yet received responses to its discovery, and there is a stipulated protective order (Dkt. No. 40) governing the parties' access to confidential materials.  In recognition that its infringement contentions are in need of eventual supplementation, Duraflame is willing to amend its infringement contentions to narrow the specific product and formulation limitations upon receipt of Hearthmark's nonpublic formulations which will be presumably provided during the discovery process.  However, any amendment of the infringement contentions requires a court order upon a timely showing of good cause. Patent L.R. 3-6.

B. **Duraflame's Ability to Amend its Infringement Contentions After Obtaining Nonpublic Information through Discovery Pursuant to Patent L.R. 3-6**

Patent L.R. 3-6 allows for the amendment of infringement contentions "only by order of the Court upon a timely showing of good cause." A finding of good cause includes "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  Patent L.R. 3-6(c).

The "good cause" inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Properties Ltd.*, 5:08-CV-00877 JF/HRL, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010)(*citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366–68 (Fed.Cir.2006) (concluding that if a party seeking to amend did not demonstrate diligence, there was "no need to consider the question of prejudice").  Duraflame's FAICs, while putting Defendant on notice as to which products and instrumentalities are the subject of infringement, are relatively vague and would surely benefit from future amendment.

While the court declines to presumptively make a finding of good cause at this time given that the nonpublic information has not yet been exchanged, should Plaintiff obtain Defendant's formulations through discovery, this court would be willing to entertain Plaintiff's request to amend its infringement contentions upon a timely showing of good cause.

///

## V. CONCLUSION

The Court finds that Plaintiff Duraflame's First Amended Infringement Contentions comply with the requirements of Patent Local Rule 3-1, and so DENIES Defendant Hearthmark's motion to compel further amended responses at this time. However, the Court strongly urges Plaintiff to seek the timely amendment of its infringement contentions upon receipt of Defendant's nonpublic formulations.

IT IS SO ORDERED.

DATE: September 17, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge